UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>  Plaintiffs<br><br>v.<br><br>CANYON WILLOW TROP OWNERS' ASSOCIATION, et al.,<br><br>  Defendants | Case No.: 2:17-cv-01581-APG-DJA<br><br>**Order (1) Granting Plaintiffs' Motion for Summary Judgment, (2) Dismissing as Moot Alternative Damages Claims, and (3) Setting Deadline for Further Action**<br><br>[ECF No. 46] |

Plaintiffs Nationstar Mortgage LLC and Federal National Mortgage Association (Fannie Mae) sue to determine whether a deed of trust still encumbers property located at 5710 East Tropicana Avenue, #1031 in Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association (HOA), defendant Canyon Willow Trop Owners' Association (Canyon). Nationstar and Fannie Mae seek a declaration that the deed of trust was not extinguished by the HOA foreclosure sale. They also assert alternative damages claims against Canyon[1] and its foreclosure agent, defendant Nevada Association Services, Inc. (NAS). Defendant Susan Patchen purchased the property at the foreclosure sale and quitclaimed it to defendant The Eagle and the Cross LLC, which later quitclaimed it to defendant A Accountable Carpet Care (collectively, the "purchaser defendants"). The purchaser defendants counterclaim to quiet title against both the plaintiffs and the former homeowner, Diana White.[2]

---

[1] The plaintiffs and Canyon settled their dispute. ECF No. 39.

[2] White is deceased. ECF No. 36. The plaintiffs and the purchaser defendants stipulated to add The Estate of Diana L. White and Any Unknown Heirs as counterdefendants. *Id.*

Nationstar and Fannie Mae move for summary judgment, arguing that the HOA foreclosure sale did not extinguish the deed of trust because the federal foreclosure bar in 12 U.S.C. § 4617(j)(3) preserved Fannie Mae's property interest as a matter of law. The plaintiffs also contend that Fannie Mae's prior servicer tendered the superpriority amount prior to the sale. The purchaser defendants respond that the plaintiffs' declaratory relief claim is untimely.

The parties are familiar with the facts, so I do not repeat them here except where necessary. I grant the plaintiffs' motion because their declaratory relief claim is timely and the federal foreclosure bar precluded the HOA foreclosure sale from extinguishing the deed of trust. Consequently, I dismiss as moot the plaintiffs' alternative damages claims against NAS.

# I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the

light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which [FHFA] is acting as a conservator," "[n]o property of [FHFA] shall be subject to . . . foreclosure[] or sale without the consent of [FHFA]." The plaintiffs thus argue that the HOA sale could not extinguish Fannie Mae's interest in the property because at the time of the sale, FHFA was acting as Fannie Mae's conservator and Fannie Mae owned the note and deed of trust. The purchaser defendants concede that if Fannie Mae owned the note and deed of trust at the time of the sale, the federal foreclosure bar applies. However, they contend that the plaintiffs' claims are time-barred because a three-year limitation period applies under the Housing and Economic Recovery Act of 2008 (HERA). The plaintiffs reply that a six-year limitation period applies under HERA.

I have previously ruled that the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims under Nevada Revised Statutes § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). The HOA foreclosure sale was conducted on February 22, 2013, and the trustee's deed upon sale was recorded on February 28, 2013. ECF No. 46-9. The plaintiffs filed suit more than four years later, on June 6, 2017. ECF No. 1. Thus, if this is the applicable limitation period, the plaintiffs' declaratory relief claim would be untimely.

However, HERA's extender provision in 12 U.S.C. § 4617(b)(12) applies here. That statute extends the limitation period for claims brought by the FHFA as conservator for Fannie Mae. Contract claims must be brought within the longer of six years or the applicable state law

3

period, and tort claims must be brought within the longer of three years or the applicable state law period. 12 U.S.C. § 4617(b)(12)(A).  Courts have interpreted § 4617(b)(12) to govern any action brought by FHFA as conservator, and thus one of these two limitation periods must apply even to a claim like the plaintiffs' declaratory relief claim that is neither a contract nor a tort claim. *See FHFA v. UBS Americas Inc.*, 712 F.3d 136, 144 (2d Cir. 2013); *Fed. Hous. Fin. Agency v. LN Mgmt. LLC, Series 2937 Barboursville*, 369 F. Supp. 3d 1101, 1108-09 (D. Nev. 2019), *reconsideration granted, order vacated in part*, No. 2:17-cv-03006-JAD-EJY, 2019 WL 6828293 (D. Nev. Dec. 13, 2019); *FHFA v. Royal Bank of Scotland Grp. PLC*, 124 F. Supp. 3d 92, 95-99 (D. Conn. 2015); *FHFA v. HSBC No. Amer. Holdings, Inc.*, Nos. 11cv6189 (DLC), 11cv6201 (DLC), 2014 WL 4276420, at *5 (S. D N.Y. Aug. 28, 2014); *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 900 F. Supp. 2d 1055, 1067 (C.D. Cal. 2012).

      I determined in a prior case that a declaratory relief claim like the one the plaintiffs assert in this case is more akin to a contract claim than a tort claim, so the six-year limitation period is the correct one. *See Nationstar Mortg. LLC v. 312 Pocono Ranch Tr.*, No. 2:17-cv-01783-APG-DJA, 2019 WL 5963963, at *1-2 (D. Nev. Nov. 13, 2019).  Other judges in this district agree. *See, e.g.*, *Nationstar Mortg. LLC v. Copper Creek Homeowner Ass'n*, No. 2:17-cv-02624-RFB-BNW, 2019 WL 4777311, at *4 (D. Nev. Sept. 29, 2019); *LN Mgmt. LLC, Series 2937 Barboursville*, 369 F. Supp. 3d at 1110.  And other judges have concluded that the extender statute can be invoked by Fannie Mae or its servicer even though the extender statute states that it applies to claims brought by the FHFA.  I agree with the reasoning of these decisions that Fannie Mae and its servicer are FHFA's agents in protecting the conservatorship assets and thus may seek the benefit of HERA's six-year extender statute even if FHFA is not a party to the case. *See Ditech Fin. LLC v. Talasera & Vicanto Homeowners' Ass'n*, No. 2:16-cv-02906-JAD-

NJK, 2019 WL 6828287, at *2 (D. Nev. Dec. 13, 2019); *Copper Creek Homeowner Ass'n*, 2019 WL 4777311, at *3-4. Consequently, the plaintiffs' declaratory relief claim in this case is governed by the six-year limitation in HERA and is timely.

The federal foreclosure bar preempts Nevada law and precludes an HOA foreclosure sale from extinguishing Fannie Mae's interest in property without FHFA's affirmative consent. *Berezovsky v. Moniz*, 869 F.3d 923, 927-31 (9th Cir. 2017). In *Berezovsky*, the Ninth Circuit accepted as proof of ownership the same type of evidence of ownership as offered in this case. *Id.* at 932-33. Consequently, the plaintiffs have met their burden of showing Fannie Mae owned an interest in the property at the time of the sale. The purchaser defendants have not presented evidence raising a genuine dispute about Fannie Mae's interest. As a result, I grant the plaintiffs' motion for summary judgment on their declaratory relief claim. I dismiss as moot the plaintiffs' alternative damages claims against NAS.

## II.  CONCLUSION

I THEREFORE ORDER that the plaintiffs' motion for summary judgment **(ECF No. 46) is GRANTED** as follows: It is hereby declared that the non-judicial foreclosure sale conducted by Canyon Willow Trop Owners' Association on February 22, 2013 did not extinguish the deed of trust and the property located at 5710 East Tropicana Avenue, #1031 in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that the plaintiffs' alternative damages claims against defendant Nevada Association Services, Inc. are dismissed as moot. The clerk of court is instructed to terminate defendant Nevada Association Services, Inc. as a defendant.

I FURTHER ORDER that the counterclaimants must either move for default judgment or voluntarily dismiss their counterclaim against The Estate of Diana L. White and Any Unknown

Heirs by **June 30, 2020**. If they do not take either of these actions by that date, I will dismiss the counterclaim without prejudice.

DATED this 10th day of June, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE