UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiffs<br><br>v.<br><br>CANYON WILLOW TROP OWNERS' ASSOCIATION, et al.,<br><br>Defendants | Case No.: 2:17-cv-01581-APG-DJA<br><br>**Order Dismissing Counterclaim and Directing the Clerk of Court to Enter Final Judgment and Close This Case** |

Plaintiffs Nationstar Mortgage LLC and Federal National Mortgage Association (Fannie Mae) sued to determine whether a deed of trust still encumbers property located at 5710 East Tropicana Avenue, #1031 in Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association (HOA), defendant Canyon Willow Trop Owners' Association (Canyon). Nationstar and Fannie Mae sought a declaration that the deed of trust was not extinguished by the HOA foreclosure sale. They also asserted alternative damages claims against Canyon[1] and its foreclosure agent, defendant Nevada Association Services, Inc. (NAS). Defendant Susan Patchen purchased the property at the foreclosure sale and quitclaimed it to defendant The Eagle and the Cross LLC, which later quitclaimed it to defendant A Accountable Carpet Care (collectively, the "purchaser defendants"). The purchaser defendants counterclaimed to quiet title against both the plaintiffs and the former homeowner, Diana White.[2]

---

[1] The plaintiffs and Canyon settled their dispute. ECF No. 39.

[2] White is deceased. ECF No. 36. The plaintiffs and the purchaser defendants stipulated to add The Estate of Diana L. White and Any Unknown Heirs as counterdefendants. *Id.*

I granted the plaintiffs' motion for summary judgment because their declaratory relief claim is timely and the federal foreclosure bar precluded the HOA foreclosure sale from extinguishing the deed of trust. ECF No. 56.  Consequently, I dismissed as moot the plaintiffs' alternative damages claims against NAS. *Id.*  I also directed the counterclaimants to either move for default judgment or voluntarily dismiss their counterclaim against The Estate of Diana L. White and Any Unknown Heirs by June 30, 2020. *Id.* at 5-6.  I advised the counterclaimants that if they did not take either of these actions by that date, I would dismiss the counterclaim without prejudice. *Id.* at 6.  The counterclaimants did not voluntarily dismiss or move for default judgment.  I therefore dismiss without prejudice the counterclaim against The Estate of Diana L. White and Any Unknown Heirs.

I THEREFORE ORDER that the counterclaim against The Estate of Diana L. White and Any Unknown Heirs is DISMISSED without prejudice.

I FURTHER ORDER that the clerk of court is instructed to enter final judgment in accordance with this order and my prior order granting summary judgment (ECF No. 56) and to close this case.

DATED this 2nd day of July, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE